UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                           :

TIMOTHY DIRESTA,                            :

                        :

              Plaintiff,          :

                        :                   21-cv-208 (LJL)

       -v-                      :

                        :       OPINION AND ORDER

BIZ2CREDIT INC. and SHUJAH A. AWAN,       :

                        :

            Defendants.       :

                        :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/2021

LEWIS J. LIMAN, United States District Judge:

Defendants Biz2Credit Inc. ("Biz2Credit") and Shujah A. Awan ("Awan" and

collectively with Biz2Credit, "Defendants") move, pursuant to Federal Rule of Civil Procedure

12(b)(6), to dismiss the amended complaint of plaintiff Timothy DiResta ("DiResta" or

"Plaintiff") for failure to state a claim upon which relief can be granted.  Dkt. No. 39.  Plaintiff

moves for entry of an order, pursuant to Federal Rule of Civil Procedure 11, for sanctions against

Defendants and their counsel.  Dkt. No. 44.

For the following reasons, Defendants' motion to dismiss is granted.  Plaintiff's motion

for sanctions is denied.

## BACKGROUND

For purposes of this motion, the Court accepts as true the allegations of DiResta's

amended complaint.  Dkt. No. 35 ("Amended Complaint" or "Am. Compl.").

Plaintiff DiResta was born in 1969.  *Id.* at 4.  The events at issue in this case took place

on or about July 3, 2019 and thereafter.  *Id.*  At the time, DiResta was "weeks shy of 50 years of

age."  *Id.*

DiResta interviewed for an associate corporate counsel position at Biz2Credit.  *Id.* at 5.

Awan, the legal hiring coordinator and deputy general counsel, conducted the interview, which

lasted about an hour.  *Id.*  Right after, DiResta met with a hiring manager who told him that he

"did very well" and told him that Awan had said that "[h]e's everything that [he] wanted" for the

company.  *Id.*  DiResta and the hiring manager then discussed a compensation package.  *Id.*

"[W]hen other company staff were consulted that day or after they realized [DiResta's] age from

the '25 years of experience' noted at the beginning of [his] resume," the decision was made that

DiResta "was not young enough for the position because, among other reasons, [he] would be

senior in age to the legal hiring coordinator/deputy general counsel (who was 42) and would

have to report to him, and they wanted someone younger, etc."  *Id.*

The person eventually hired for the position, who interviewed about a month before

DiResta, was 31 years of age.  *Id.*  That individual was not, and still is not, licensed as an

attorney in New York and had no experience with New York law, which Defendants had

advertised as being sought.  *Id.*  Biz2Credit is still advertising for the position filled by this

individual.  *Id.*

DiResta filed a charge with the Equal Employment Opportunity Commission ("EEOC")

on January 16, 2020.  *Id.*  Before the EEOC, Biz2Credit claimed that the younger hire was the

"best fit for the role," but DiResta alleges that this is a pretext.  *Id.*  The EEOC issued a Notice of

Right to Sue letter, which DiResta received on October 17, 2020.  *Id.*

**PROCEDURAL HISTORY**

Plaintiff, proceeding pro se, filed the original complaint in this action in October 20, 2020

in the U.S. District Court for the Eastern District of New York.[1]  Dkt. No. 1.  The case was

---

[1] Because Plaintiff is an attorney, he is not entitled to special solicitude as a pro se litigant.  *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

transferred to the U.S. District Court for the Southern District of New York in January 2021.

Dkt. No. 15.  Plaintiff amended his complaint in February 2021.  Dkt. No. 35.  The Amended

Complaint brings a claim under the Age Discrimination in Employment Act of 1967 ("ADEA"),

29 U.S.C. §§ 621–634.  *Id.* at 3.  Plaintiff alleges discrimination on the basis of age for

Defendants' failure to hire him.  *Id.* at 4.  Plaintiff seeks compensatory damages against

Biz2Credit, such as lost wages at the company, and any other damages or relief allowed under

the ADEA, which are estimated to be at least $150,000.[2]  *Id*. at 6.  Plaintiff also seeks damages

against both Biz2Credit and Awan under New York's Human Rights Law ("NYSHRL"), N.Y.

Exec. Law § 296.3-a(a).

Defendants moved to dismiss the Amended Complaint in April 2021.  Dkt. No. 39.

Plaintiff filed his opposition to the motion, Dkt. No. 40, and Defendants filed a reply

memorandum of law in support of their motion, Dkt. No. 43.[3]

Plaintiff moved for sanctions in June 2021, arguing that Defendants' motion to dismiss

was frivolous.  Dkt. Nos. 44, 44-1.  Defendants filed a memorandum of law in opposition to the

motion for sanctions, Dkt. No. 45, and Plaintiff replied, Dkt. No. 46.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a

complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that

---

[2] The Court interprets the Amended Complaint as bringing an ADEA claim solely against
Biz2Credit.  But even if it brings an ADEA claim against both Biz2Credit and Awan, the claim
against Awan would be dismissed because individuals may not be held liable under the ADEA.
*See Karupaiyan v. CVS Health Corp.*, 2021 WL 4341132, at *8 (S.D.N.Y. Sept. 23, 2021) (citing
*Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (summary order), regarding the
ADEA); *Wang v. Palmisano*, 157 F. Supp. 3d 306, 338 (S.D.N.Y. 2016) ("[C]ourts in the Second
Circuit have consistently held that the ADEA does not impose liability on individuals." (citing
cases)).
[3] In his opposition papers, Plaintiff asks the Court to review Defendants' motion to dismiss his
original complaint and his opposition to that motion; the Court has done so.

is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 554, 570 (2007)).  A complaint must offer more than "labels and

conclusions," "a formulaic recitation of the elements of a cause of action," or "naked

assertion[s]" devoid of "further factual enhancement" in order to survive dismissal.  *Twombly*,

550 U.S. at 555, 557.  The ultimate question is whether "[a] claim has facial plausibility, [i.e.,]

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Determining whether a

complaint states a plausible claim for relief will . . . be a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Put another

way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that

discovery will reveal evidence [supporting the claim]."  *Twombly*, 550 U.S. at 556; *see also*

*Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

## DISCUSSION

The Court first addresses Defendants' motion to dismiss and then turns to Plaintiff's

motion for sanctions.

## I.      Defendants' Motion to Dismiss

Defendants argue that the Amended Complaint fails to state a claim for age

discrimination under either the ADEA or the NYSHRL.

### A.      Plaintiff's ADEA Claim

Defendants argue that the Amended Complaint fails to plead an ADEA claim because it

does not allege facts to support that DiResta was qualified for the position of associate corporate

counsel, that there were circumstances giving rise to an inference of discrimination, or that

DiResta's age was the but-for cause of the decision not to hire him.  Dkt. No. 39-1 at 7–11.

The ADEA provides that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's age." 29 U.S.C. § 623(a), (a)(1). This protection extends to individuals who are over the age of 40. *Id.* § 631(a).

The Second Circuit analyzes ADEA claims under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 303 n.3 (2d Cir. 2021). "Under *McDonnell Douglas*, the plaintiff bears the initial burden of establishing a prima facie case of age discrimination by showing '(1) that [he] was within the protected age group, (2) that [he] was qualified for the position, (3) that [he] experienced adverse employment action, and (4) that the action occurred under circumstances giving rise to an inference of discrimination.'" *Id.* (quoting *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012)); *see also Bernstein v. New York City Dep't of Educ.*, 2020 WL 6564809, at *4 (S.D.N.Y. Nov. 9, 2020) (same). "Once a prima facie case is established, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the adverse action, which the plaintiff in turn may rebut by showing that the employer's determination was in fact the result of . . . discrimination." *Lively*, 6 F.4th at 303 n.3 (internal quotation marks and citations omitted).

"To survive a Rule 12(b)(6) motion to dismiss, a plaintiff asserting an employment discrimination complaint under the ADEA must plausibly allege that adverse action was taken against her by her employer, and that her age was the 'but-for' cause of the adverse action," and a plaintiff "must supply sufficient factual material, and not just legal conclusions to push the misconduct alleged in the pleading beyond the realm of the 'conceivable' to the 'plausible.'" *Marcus v. Leviton Mfg. Co., Inc.*, 661 F. App'x 29, 31–32 (2d Cir. 2016) (summary order) (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84, 87 (2d Cir. 2015)); *see also Downey*

*v. Adloox Inc.*, 238 F. Supp. 3d 514, 519 (S.D.N.Y. 2017) ("To survive a motion to dismiss under

Rule 12(b)(6) of the Federal Rules of Civil Procedure, 'a plaintiff asserting an employment

discrimination complaint under the ADEA must plausibly allege that adverse action was taken

against her by her employer, and that her age was the 'but-for' cause of the adverse action.'"

(quoting *Marcus*, 661 F. App'x at 31–32)).

"While a discrimination complaint need not allege facts establishing each element of a

prima facie case of discrimination to survive a motion to dismiss, it must at a minimum assert

nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to

plausible to proceed." *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 254 (2d

Cir. 2014) (cleaned up); *see also Mandala v. NTT Data, Inc.*, 975 F.3d 202, 209 (2d Cir. 2020)

(holding that although a plaintiff need not plead a prima facie case, she must set forth enough

factual allegations to plausibly support each of the elements of her claim); *McCormack v. IBM*,

145 F. Supp. 3d 258, 266 n.2 (S.D.N.Y. 2015) ("A plaintiff pursuing an ADEA claim need not

plead a prima facie case under *McDonnell Douglas* in order to survive a motion to dismiss."

(citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002))); *Ndremizara v. Swiss Re Am.*

*Holding Corp.*, 93 F. Supp. 3d 301, 312 (S.D.N.Y. 2015) (same) (collecting cases).  Instead,

"courts in this District have 'held that elements of a prima facie case provide an outline of what

is necessary to render a plaintiff's employment discrimination claims for relief plausible.'"

*Mesias v. Cravath, Swaine & Moore LLP*, 106 F. Supp. 3d 431, 436 (S.D.N.Y. 2015) (quoting

*Johnson v. Morrison & Foerster LLP*, 2015 WL 845723, at *3 (S.D.N.Y. Feb. 26, 2015)); *see*

*also, e.g.*, *Littlejohn v. City of New York*, 795 F.3d 297, 311 n.9 (2d Cir. 2015) (discussing how

"the elements of a prima facie case may be used as a prism to shed light upon the plausibility of

the claim" (quoting *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013));

*Alexander v. New York City Dep't of Educ.*, 2020 WL 7027509, at \*4 (S.D.N.Y. Nov. 30, 2020)

("Indeed, the elements of a *prima facie* case under *McDonnell Douglas* need not be established

at the pleading stage, though these elements nevertheless provide an outline of what is necessary

to render a plaintiff's employment discrimination claims for relief plausible." (internal quotation

marks omitted)); *Pustilnik v. Battery Park City Auth.*, 2019 WL 6498711, at \*4 (S.D.N.Y. Dec.

3, 2019) ("Although the plaintiff need not make out a prima facie case at the motion to dismiss

stage, the prima facie elements nonetheless provide a guide-post for the adjudication of a motion

to dismiss." (internal quotation marks omitted)); *Shands v. Lakeland Cent. Sch. Dist.*, 2017 WL

1194699, at \*5 (S.D.N.Y. Mar. 30, 2017) ("Although a plaintiff need not plead facts to establish

a prima facie case of employment discrimination in order to survive a motion to dismiss, courts

nevertheless consider the elements of a prima facie case in determining whether there is

sufficient factual matter in the complaint which, if true, gives the defendant fair notice of the

plaintiff's employment discrimination claims and the grounds on which such claims rest."

(cleaned up)).  In particular, "[t]he facts required by *Iqbal* to be alleged in the complaint need not

give plausible support to the ultimate question of whether the adverse employment action was

attributable to discrimination" but "need only give plausible support to a minimal inference of

discriminatory motivation."  *Littlejohn*, 795 F.3d at 311.

Further, "to establish age discrimination under the ADEA, 'a plaintiff must prove that age

was the "but-for" cause of the employer's adverse decision.'"  *Lively*, 6 F.4th at 303 (quoting

*Gross v. FBL Fin. Servs.*, 557 U.S. 167, 176 (2009)).  "The Supreme Court has clarified recently

that the but-for causation standard for discrimination claims applies not only at trial but at the

pleading stage as well."  *Id.* (citing *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*,

140 S. Ct. 1009, 1014 (2020)).  Thus, to defeat a motion to dismiss, an ADEA plaintiff must

plausibly allege that he would have been hired but for his age.  *See id.*

Here, in their memorandum in support of their motion to dismiss, Defendants do not

contest that DiResta was within the protected age group or that he experienced an adverse

employment action.  Dkt. No. 39-1.  Defendants instead claim that DiResta did not sufficiently

plead that he was qualified for the position, that the circumstances gave rise to an inference of

discrimination, and that his age was the but-for cause of the decision not to hire him.  *Id.*

### 1.    The Amended Complaint Does Not Plead That DiResta Was Qualified for the Position

Defendants argue that the Amended Complaint does not contain factual allegations

demonstrating that DiResta was qualified for the position of associate corporate counsel.  Dkt.

No. 39-1 at 7.  DiResta responds that he alleged that he was qualified for the position when he

alleged that a hiring manager told him that Awan, the legal hiring coordinator with whom

DiResta had interviewed, had said that DiResta was everything he wanted for the company.  Dkt.

No. 40 at 15.

"To satisfy the second element required to plead a discrimination claim under the ADEA,

a 'plaintiff must show only that he possesses the basic skills necessary for performance of [the]

job.'"  *Zoulas v. New York City Dep't of Educ.*, 400 F. Supp. 3d 25, 53 (S.D.N.Y. 2019)

(alteration in original) (quoting *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 92 (2d

Cir. 2001)); *cf. Slattery*, 248 F.3d at 92 (stating "the qualification necessary to shift the burden to

defendant for an explanation of the adverse job action is minimal").  Aside from providing the

name of the position at issue and stating that DiResta's resume reflected he had "25 years of

experience," the Amended Complaint does not provide any information about what the position

of associate corporate counsel required or about DiResta's skills that made him qualified to

perform that job.  Though DiResta highlights that the hiring manager commented that Awan had

said that DiResta was everything he wanted for the company, that allegation alone does not

reveal whether DiResta had the basic skills necessary to perform the job of associate corporate

counsel for which he was being interviewed as opposed to, for example, some other role at the

company.  The Amended Complaint does not state what kind of experience DiResta had and

provides no additional allegations regarding the relevance of his years of experience to the

position of associate corporate counsel.  It is true that "especially where discharge is at issue and

the employer has already hired the employee, the inference of minimal qualification is not

difficult to draw," *Slattery*, 248 F.3d at 92, but this is not a case involving discriminatory

discharge after being hired.  Rather DiResta alleges discriminatory failure to hire.  Accordingly,

the Amended Complaint does not allege sufficient facts to show that DiResta was qualified for

the position of associate corporate counsel.

> **2.      The Amended Complaint Fails to Plead Facts Supporting an
> Inference of Discrimination or That DiResta's Age Was the But-For
> Cause of His Failure to Be Hired**

Defendants argue that the Amended Complaint fails to set forth facts supporting an

inference of discrimination.  Dkt. No. 39-1 at 8–10.  Defendants acknowledge that the Amended

Complaint alleges that Biz2Credit ultimately hired a 31-year-old attorney who was not admitted

to practice law in New York, but they argue that this is insufficient to support an inference of

discrimination.  *Id.* at 8–9.  They argue that hiring a person who is not in a class protected by the

ADEA is insufficient alone to establish an inference of discrimination.  *Id.* at 9.  They also

contend that DiResta "never alleges that the candidate ultimately hired for the position was

unqualified or even less qualified" than DiResta and that "the attorney ultimately hired was not

admitted to practice in the State of New York is meaningless without allegations to the effect that

a New York License was a factor critical or even preferable to Biz2Credit in making its hiring

decision." *Id.* at 9–10.  Defendants also point out that there are no allegations that disparaging

comments were made to DiResta or to others regarding DiResta's age.  *Id.* at 9.

Additionally, Defendants contend that the Amended Complaint fails to state a claim

because it fails to allege facts to demonstrate that DiResta's age was the but-for cause of

Biz2Credit's decision not to hire him.  Dkt. No. 39-1 at 10–11.  Defendants characterize the

allegations regarding the decision not to hire DiResta (e.g., that Biz2Credit staff realized

DiResta's age from the experience noted on his resume; that they wanted someone younger than

the deputy general counsel to report to him; and that it was decided that DiResta was not young

enough for the position) as merely "speculation" as to what Biz2Credit representatives were

thinking and as unsupported by facts.  *Id.*

DiResta responds that he alleged that the younger hire was not qualified because, in

addition to that person not being licensed as an attorney in New York, that person had no

experience with New York law as Biz2Credit had advertised it sought.  Dkt. No. 40 at 15.

DiResta also points out that the company continued to advertise the position even after hiring the

other individual.  *Id.*  DiResta further argues that a complaint does not need to allege but-for

causation and that, even so, he has alleged but-for causation.  *Id.* at 15–16.

The Amended Complaint does not allege facts that either provide "minimal support for

the proposition that the employer was motivated by discriminatory intent," *Littlejohn*, 795 F.3d

at 311, or that DiResta's age was the but-for cause of Defendants' decision not to hire him, *see*

*Lively*, 6 F.4th at 303.  Here, DiResta plausibly alleges that Defendants hired a person

significantly younger than him as he was weeks shy of 50 while the individual hired was 31

years old.  However, allegations that someone younger took the place of the plaintiff, alone, are

not sufficient to survive a motion to dismiss.  *Cf. Ndremizara*, 93 F. Supp. 3d at 316–17

(collecting ADEA cases in which allegations that younger individuals replaced plaintiff are insufficient to survive a motion to dismiss); *see also James v. Borough of Manhattan Community College*, 2021 WL 5567848, at *7 (S.D.N.Y. Nov. 29, 2021).

Allegations that the younger individual hired was less qualified than DiResta might help "nudge [his] claims across the line from conceivable to plausible." *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d at 254 (cleaned up). The Amended Complaint alleges that the younger individual was not and still is not licensed as an attorney in New York and had no experience with New York law, a qualification that Defendants allegedly sought. Though these allegations may speak to the younger individual's qualifications, the Amended Complaint nowhere alleges that DiResta was licensed in New York or had any experience with New York law.

DiResta's allegations regarding Defendants' desire to have someone younger to report to Awan does not serve to nudge the complaint across the line to the plausible. Although he states that others at the company decided that he was not young enough for the position, he does not allege that he heard that comment or provide any other basis for that allegation, save for the speculation that because he was not hired and a younger person was hired, the decision must have been made because he was not young enough. "A [p]laintiff's speculations, generalities, and gut feelings, however genuine, when they are not supported by specific facts, do not allow for an inference of discrimination to be drawn." *Small v. Allstate Ins. Co.*, 396 F. Supp. 2d 364, 371 (S.D.N.Y. 2005) (alteration omitted) (quoting *Little v. State of N.Y.*, 1998 WL 306545, at *6 (E.D.N.Y. June 8, 1998)). Without any allegation of how DiResta knows or why he believes that Defendants chose not to hire him because he was too old, the Amended Complaint fails to provide that minimal support for an inference of discriminatory intent necessary for this case to

proceed to discovery.  It also cannot serve to show that DiResta's age was plausibly the but-for cause of the decision not to hire him.

Accordingly, DiResta's ADEA claim is dismissed without prejudice.

### B.       Plaintiff's NYSHRL Claim

DiResta also brings a claim for age discrimination under the NYSHRL, which provides that "[i]t shall be an unlawful discriminatory practice: (a) For an employer . . . to refuse to hire or employ . . . an individual eighteen years of age or older . . . because of such individual's age." N.Y. Exec. Law § 296.3-a(a).

"A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)).  "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity,' in deciding whether to exercise jurisdiction." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  "In weighing these factors, the district court is aided by the Supreme Court's additional guidance in *Cohill* that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Cohill*, 484 U.S. at 350 n.7).

Having dismissed DiResta's ADEA claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court declines to exercise supplemental jurisdiction over DiResta's state-law claim.  DiResta's claim for age discrimination under the NYSHRL is therefore dismissed without prejudice.

### C.     Leave to Replead

Though DiResta has not requested leave to amend, Federal Rule of Civil Procedure

15(a)(2) provides that "a party may amend its pleading only with the opposing party's written

consent or the court's leave" and that "[t]he court should freely give leave when justice so

requires."  Fed. R. Civ. P. 15(a)(2).  "[A] district court has discretion to deny leave for good

reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party,"

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), and "[t]he decision to

grant leave to amend is within the sound discretion of the trial court," *Bay Harbour Mgmt. LLC

v. Carothers*, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007) (citation omitted).  DiResta suggests in

his papers that he felt constrained by the space provided in the standardized pro se complaint

form for employment discrimination claims.  *See, e.g.*, Dkt. No. 40 at 10 (". . . I had to edit the

*pro se* form to add more space to fit my specific factual allegations.").  The Court also cannot say

it would be futile for DiResta to attempt to amend his complaint.  The Court thus will permit

DiResta an opportunity to replead to address the deficiencies discussed in this opinion.  *See

Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (discussing how the

Second Circuit "strongly favors liberal grant of an opportunity to replead after dismissal of a

complaint under Rule 12(b)(6)").  Upon repleading, DiResta need not use the standardized pro se

complaint form in presenting his allegations.

## II.     Plaintiff's Motion for Sanctions

Plaintiff moves for sanctions against "Defendants and/or their Counsel for making a

frivolous dismissal motion" in violation of Federal Rule of Civil Procedure 11(b)(2) and

11(b)(1).  Dkt. No. 44.  Plaintiff contends that Defendants' argument that the *McDonnell

Douglas* prima facie factors may be used as a guide or outline for pleading is "so clearly contrary

to established law" that it "is frivolous."  Dkt. No. 44-1 ¶ 3.  Plaintiff further argues that

Defendants' motion to dismiss "cause[d] unnecessary delay."  *Id.* ¶ 5 (alteration in original).

Federal Rule of Civil Procedure 11(b)(2) requires that when an attorney presents to the

Court "a pleading, written motion, or other paper," the attorney certifies to the best of his or her

knowledge "formed after an inquiry reasonable under the circumstances" that "the claims,

defenses, and other legal contentions are warranted by existing law or by a nonfrivolous

argument for extending, modifying, or reversing existing law or for establishing new law."  Fed.

R. Civ. P. 11(b)(2).  "[T]o constitute a frivolous legal position for purposes of Rule 11 sanction,

it must be clear under existing precedents that there is no chance of success and no reasonable

argument to extend, modify or reverse the law as it stands."  *Mareno v. Rowe*, 910 F.2d 1043,

1047 (2d Cir. 1990).  Contrary to Plaintiff's characterization of Defendants' legal position as

frivolous, the Court has concluded that it persuasively demonstrated why Plaintiff's current

complaint fails to state a claim for relief.  Thus, sanctions are not warranted under Rule 11(b)(2).

Sanctions are similarly not justified under Rule 11(b)(1), which provides that attorney must

certify that a motion "is not being presented for any improper purpose, such as to harass, cause

unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).  As

Defendants succeed in their motion to dismiss, the motion did not cause unnecessary delay.

Accordingly, Plaintiff's motion for sanctions is denied.

## CONCLUSION

For the foregoing reasons, the motion to dismiss the Amended Complaint is GRANTED,

and the Amended Complaint is dismissed without prejudice.  If amended pleadings are not filed

on the docket within thirty (30) days of the date of this opinion, the case will be closed.

The motion for sanctions is DENIED.

The Clerk of Court is respectfully directed to close Dkt. Nos. 39 and 44.

15

SO ORDERED.

Dated: December 20, 2021
       New York, New York

                                    LEWIS J. LIMAN
                           United States District Judge